UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO: 4:04CV-087-M

CITY OF OWENSBORO, KENTUCKY
and
CITY UTILITY COMMISSION OF THE CITY
OF OWENSBORO, KENTUCKY, a/k/a
OWENSBORO MUNICIPAL UTILITIES                                        PLAINTIFFS

V.

KENTUCKY UTILITIES COMPANY                                           DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a Motion by Plaintiffs [DN 79] to make the Court's Opinion and Order of July 22, 2005 Final and Appealable. Fully briefed, this matter stands ripe for decision. For the following reasons, Plaintiffs' motion is **DENIED.**

### I. STANDARD OF REVIEW

Pursuant to F.R.C.P. 54(b), a district court hearing an action involving multiple claims may enter final judgment with respect to some but not all of the claims upon an "express determination that there is no just reason for delay and upon an express direction for the entry of judgment." The Rule "is intended to strike a balance between the undesirability of more than one appeal in a single action and the need for making review available in multiple-party or multiple-claim situations at a time that best serves the needs of the litigants." Day v. NLO, Inc., 3 F.3d 153, 155 (6th Cir. 1993) (internal quotations omitted).

## II. BACKGROUND

This case arises out of a contract dispute between Plaintiffs, City of Owensboro ("City') and Owensboro Municipal Utilities ("OMU"), and Defendant, Kentucky Utilities Company ("KUC").  In their Complaint, the Plaintiffs assert two Counts against the Defendant.  In Count I, Plaintiffs seek a declaratory judgment concerning the proper construction of their Contract with the Defendant with respect to numerous disputed issues. In Count II, Plaintiffs make allegations in support of a breach of contract claim.  On July 22, 2005, the Court granted partial summary judgment as to one of the issues–contract termination–raised within the broader declaratory judgment claim.  Plaintiffs now move to make the Court's Order concerning contract termination final and appealable pursuant to F.R.C.P. 54(b).

## III. DISCUSSION

The Plaintiffs argue that the Court's disposition on the matter of contract termination was a separate and distinct claim from the other matters in the case.  They also contend that they will be prejudiced if the matter of contract termination is not immediately certified for appeal.  Defendant disputes both of these contentions.  It argues that the matter of contract termination is a mere issue within the broader claim for declaratory relief as set forth in Count I of the Complaint.  Defendant further contends that Plaintiffs have failed to satisfy their burden of establishing "no good reason to delay" appellate review of the Court's Order.

F.R.C.P. 54(b) allows for the possibility of an expedited appellate review of separable claims under certain circumstances upon two independent findings.  The first step in

certification is entry of partial final judgment and is satisfied where some decision of the court disposes of one or more but fewer than all the claims in a case. Gen. Acquisition, Inc. v. Gencorp, 23 F.3d 1022,1026 (6th Cir.1994). Second, the Court must determine that no just reason for delay exists, which requires the Court to balance the needs of the parties against the interests of efficient case management. Id. at 1027. In so balancing, courts are to consider a non-exhaustive list of factors. Id. at 1030. "F.R.C.P. 54(b) is not to be used indiscriminately." COMPACT v. Metropolitan Gov't of Nashville and Davidson County, Tenn., 786 F.2d 227, 230 (6th Cir. 1986).

As to the first inquiry, the Sixth Circuit has held that "even though different theories of liability may have been asserted, the concept of a 'claim' under Rule 54(b) denotes 'the aggregate of operative facts which give rise to a right enforceable in the courts.'" Gencorp, at 1028 (quoting McIntyre v. First National Bank of Cincinnati, 585 F.2d 190, 192 (6th Cir. 1978)). In determining whether a judgment is final, courts must decide whether the decision is a "judgment" in the sense that it is a decision upon a cognizable claim for relief, and it must be "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980) (citing Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956)). "A final judgment is one which disposes of the whole subject, gives all the relief that was contemplated, provides with reasonable completeness, for giving effect to the judgment and leaves nothing to be done in the cause save to superintend, ministerially, the execution of the decree." City of Louisa v. Levi, 140 F.2d 512, 514 (6th Cir. 1994). An order that only

resolves an intervening issue pertaining to a broader cause of action is interlocutory in character, rather than a final judgment. Novacor Chems., Inc. v. GAF Corp., 164 F.R.D. 640, 645 (E.D. Tenn. 1996).

In this case, the Plaintiffs brought two claims–one for declaratory judgment as to numerous issues in the contract and one for breach of contract–and the Court has only decided one issue within the declaratory judgment claim. The declaratory judgment claim is thus far from resolved. The "aggregate of operative facts" which provided the background for the issue of contract termination will also provide the background for all unresolved matters. As the contract termination issue arises out of the same "aggregate of operative facts" as the other pending matters, the appellate court should not have to review the same facts twice in this case. Moreover, what if the Plaintiffs were to move for partial summary judgment as to one or more of the remaining issues within its declaratory judgment claim and then seek to have the issue or issues certified for appeal pursuant to F.R.C.P. 54(b)? The appellate court should not have to review the common "aggregate of operative facts" three or more times, and the Court does not wish to create a precedent that would allow for such a possibility.

Plaintiffs' authority is unpersuasive. Plaintiffs cite the case of Tubos de Acero de Mex., S.A. v. Am. Int'l Inv. Corp., 292 F.3d 471 (5th Cir. 2002) to support its position, but no court in the Sixth Circuit has ever cited that case nor does the case contain the "aggregate of operative facts" language that is pervasive in Sixth Circuit cases on this issue. While Plaintiffs successfully distinguish some of Defendant's authority, they cite no case law to

support the proposition that a decision as to one issue in a much broader claim for declaratory judgment, with common facts as to all issues, is sufficient to constitute a final judgment for purposes of F.R.C.P. 54(b).

As Plaintiffs cannot satisfy the first prong of the test under F.R.C.P. 54(b), the Court need not examine the second prong.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to make the Court's Opinion and Order of July 22, 2005 Final and Appealable [DN 79] is **DENIED.**

cc: counsel of record
04cv-087KUC