UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

NO. 4:04-CV-87(M)

CITY OF OWENSBORO, KENTUCKY, et al,                    PLAINTIFFS

V.

KENTUCKY UTILITY COMPANY,                              DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon multiple motions. Defendant Kentucky Utility Company (KU) objects to the Magistrate's March 30, 2007 Order [DN 232]. KU has also filed a Motion to Reconsider this Court's grant of partial summary judgment to Plaintiffs [DN 233]. In addition, KU has also filed a Motion for Oral Argument. All matters are fully briefed and ripe for decision [DN 250].

**I. Facts**

This case involves a dispute as to the termination provisions of a long-standing wholesale electricity supply contract which has been amended multiple times. In July 2005, this Court found that the contract was not ambiguous, and therefore, it was unnecessary to look to sources of contractual interpretation outside the four corners of the contract. [Opinion and order entered on July 25, 2005; DN 74]. Looking at the contract alone, the Court granted partial summary judgment to the Plaintiffs on the disputed contract termination provisions.

At the time that the 2005 order was entered, KU argued that the termination provisions dispute could be decided as a matter of law. Now, KU submits that there is at least an

ambiguity which creates factual issues which must be explored through discovery. Because this Court has previously ruled that parol evidence is not necessary to interpret the contract at issue, the Magistrate Judge denied KU's request for discovery related to the interpretation of the termination provisions. [Opinion and Order entered on March 27, 2007; DN 212]. KU now requests this Court to vacate the Magistrate's Order entered on March 27, 2007, and to reconsider and reverse this Court's grant of partial summary judgment to Plaintiffs entered on July 25, 2005. KU requests oral argument on these matters.

## II. Discussion

The Court finds oral argument on the pending motions to be unnecessary. The Court will first consider the Motion to Reconsider and then discuss the Objection to the Magistrate's Order.

### A. Motion to Reconsider

KU asks the Court to find the termination provisions of the contract ambiguous. KU submits that its interpretation of these provisions is a reasonable one and therefore, an ambiguity exists. However, the fact that parties disagree about interpretation does not mean that a contract is ambiguous on its face. Bare assertions that a contract can have different interpretations do not alone create issues of fact for trial. B.F. Goodrich Co. v. U.S. Filter Corp. 245 F.3d 587, 594 (6th Cir. 2001)("disputed issues of contractual interpretation can be resolved at summary judgment"); Aviation Dev. Co., PLC v. C & S Acquisition Corp., No. 97 Civ. 9302AJP, 1999 WL 46630, at *8 (S.D.N.Y. Feb. 2, 1999) (party's assertion that it interprets contract language differently than opposing party does not create material issue

of fact).

KU's interpretation hinges on a finding that Section 8 of the 1991 Agreement completely supercedes all prior provisions pertaining to termination rights. However, according to Section 11 of the 1991 Agreement, all the terms of the prior agreements which were not "modified, changed or eliminated" by the specific terms of the 1991 Agreement, were incorporate therein and "shall apply to the obligations, duties and liabilities of the Parties." The 1969 Agreement provided an unconditional right of termination in favor of OMU and the City. The Court found that nothing in the specific terms of the 1991 Agreement indicated that the unconditional right to terminate in favor of OMU and the City was "modified, changed or eliminated." The Court did not find this provision to be repugnant or inconsistent with the new provision which granted a conditional right of termination in favor of OMU alone. Thus, the Court obviously disagrees with KU's premise that Section 8 of the 1991 Agreement completely supercedes all prior provisions pertaining to termination rights.

For these reasons, the Court cannot agree that KU's interpretation is a reasonable one and it declines to reconsider its grant of partial summary judgment on this issue. The Defendant's motion to reconsider is denied.

**B. Objection to the Magistrate's March 27, 2007 Order**

Federal Rule of Civil Procedure 72(a) allows parties to object to Magistrate Judges' rulings by filing objections in the District Court where the case is assigned. <u>Fed. R. Civ. Proc. 72(a)</u>. Under Rule 72(a), the District Court is to "set aside any portion of the

3

magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. Proc. 72(a).

The Magistrate's March 27, 2007 Order denied KU's motion to compel discovery. "The scope of discovery is, of course, within the broad discretion of the trial court. An order denying further discovery will be grounds for reversal only if it was an abuse of discretion resulting in substantial prejudice." Lewis v. ACB Business Services, Inc., 135 F.3d 389, 402 (6th Cir. 1998)(internal citations omitted).

KU argues that it is entitled to further discovery related to the termination provisions of the contract because this Court's prior decision, entered on July 25, 2005 and discussed above, has not been certified as final. While this Court denied the Plaintiffs' request to make its grant of summary judgment final and appealable, that does not indicate that the matter is still open for adjudication. [See Opinion and Order entered on October 18, 2005; DN 96]. Rather, whatever appeal takes place in this matter shall happen after a final resolution of the case, instead of a piece-meal appeal that takes place bit by bit. This Court's decision not to certify the matter here contested – which was the result requested by KU – does not indicate that the Court will be continually re-evaluating its decision or that discovery on the matter is appropriate.

"It is proper to deny discovery of matter that is relevant only to claims or defenses that have been stricken . . . unless the information sought is otherwise relevant to issues in the case." Lewis, 135 F.3d at 402, quoting Oppenheimer Fund, Inc. V. Sanders, 437 U.S. 340, 351-52 (1978). The Court has resolved the claims related to the termination provisions, and

4

thus the Court's primary concern is whether the disputed discovery on the parties' intentions is "otherwise relevant to issues in the case." See id.

While KU has submitted case law from other districts in which courts allowed discovery related to a previously adjudicated issue to proceed, none of the submitted case law is controlling. The Magistrate's order quoted Lewis, notable in that it is one of the few Sixth Circuit cases cited by the parties, for the proposition that "it is proper to deny discovery of matter that is relevant only to claims or defenses that have been stricken." Lewis, 135 F.3d at 402. The additional consideration here is whether the discovery is somehow related to other claims, as KU claims. KU's assertions that it seeks relevant discovery cannot be taken to allow "an impermissible fishing expedition." See Westgate Village Shopping Center v. Lion Dry Goods Co., 21 F.3d 429, 1994 WL 108959, *8, No. 93-3760 (6th Cir. 1994). For the discovery to proceed, KU "must affirmatively demonstrate the reasons that additional discovery is necessary." Id. Instead, KU has posited endless hypotheticals suggesting how the discovery could apply, without any affirmative showing as to how the discovery would truly be relevant.

KU submits that the case law cited by the Magistrate does not address the relevancy of the requested discovery, but rather deals with the question of undue burden. After reviewing the language of Lewis, the primary Sixth Circuit authority cited, the Court finds the law was appropriately applied by the Magistrate. As here, the Lewis court found that the requested discovery was not relevant to the disputed issues. Lewis, 135 F.3d at 402-403. The additional deposition questions that KU wishes to pose, if left unanswered, will not cause

substantial prejudice against KU. Without clear error of law by the Magistrate and absent a showing that this discovery is necessary to prevent substantial prejudice, the order of the Magistrate will not be set aside.

KU additionally proposes that further discovery is necessary in order to create a full record for reconsideration and appellate review. No part of this argument assigns error to the Magistrate's decision. KU's inability to conduct its proposed discovery will not hamper the appellate court's ability to assess this matter.

Having found that the Magistrate Judge applied the correct law and having found no clear error regarding his factual findings, the decisions and Orders of the Magistrate Judge are hereby affirmed, and the Rule 72 Objections are OVERRULED [DN 232].

### III. Conclusion

For all the foregoing reasons, the Court hereby orders that KU's Objections to the Magistrate's March 30, 2007 Order are DENIED [DN 232]. KU's Motion to Reconsider is also DENIED [DN 233], as is KU's Motion for Oral Argument [DN250].


cc: counsel of record
   USMJ Goebel