UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:04CV-87-M

CITY OF OWENSBORO and                                                          PLAINTIFFS
CITY UTILITY COMMISSION OF THE CITY
OF OWENSBORO, KENTUCKY, a/k/a
OWENSBORO MUNICIPAL UTILITIES

v.

KENTUCKY UTILITIES COMPANY                                                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendant, Kentucky Utilities Company, to strike the affidavit of Mark F. McClernon [DN 358] and on a motion by Plaintiffs, Owensboro Municipal Utilities and the City of Owensboro, to exclude the testimony of William B. Abington at trial concerning his two new and untimely damage methodologies [DN 383]. Fully briefed, these matters are ripe for decision.

### KU's Motion to Strike the Affidavit of Mark McClernon

OMU filed a *Daubert* motion to exclude the testimony of KU's damages expert, Mr. William Abington. In support of Plaintiffs' motion, OMU submitted the affidavit of Mark McClernon, OMU's expert rebuttal witness on KU's operation and maintenance counterclaim. In the affidavit, McClernon avers that Abington has violated accepted statistical procedures and methodology by excluding outlier data from his damages evaluation.

Pursuant to Fed. R. Civ. P. 37(c)(1), KU moves to strike the McClernon affidavit from

consideration on OMU's motion to exclude the testimony of William Abington. KU contends that pursuant to Fed. R. Civ. P. 26(a)(2)(B) and the Court's scheduling orders, the time for presenting expert opinions and rebuttal expert opinions has expired and, as a result, McClernon's affidavit is untimely and should be excluded. Alternatively, KU argues that McClernon's affidavit should be struck on the basis that it is misleading and therefore not helpful to the Court.

The Court denies KU's motion to strike the affidavit of McClernon. McClernon's affidavit challenging the methodology utilized by Abington is submitted in support of OMU's *Daubert* motion. It will be helpful to the Court in determining whether Abington's calculation of damages utilizing EFOR data is reliable and admissible pursuant to Fed. R. Evid. 702 and *Daubert*. While KU is correct that the opinions expressed in McClernon's affidavit were not timely made pursuant to Fed. R. Civ. P. 26(a)(2)(B), the Court agrees with OMU that McClernon's affidavit may properly be considered by the Court in assessing OMU's *Daubert* motion. "Expert testimony that does not comply with [Rule 26] is therefore only excluded at trial and may be properly considered on a *Daubert* determination." Florists' Mutual Insurance Co. V. Lewis Taylor Farms, Inc., 2008 WL 875493, *17 n. 12 (M.D. Ga. March 27, 2008). See also UAW v. General Motors Corp., 235 F.R.D. 383, 388 (E.D. Mich. 2006)("Rule 26 is a *trial*-oriented discovery rule.")

In lieu of having separate *Daubert* hearings, the Court decided to permit the parties to challenge the qualifications and methodology of the experts on cross-examination at the bench trial. See DN 436. Therefore, in order to evaluate the reliability of Abington's expert

testimony, the Court will permit testimony from McClernon regarding his opinion that Abington has violated accepted statistical procedures and methodology by excluding outlier data from his damages evaluation. KU will be afforded an opportunity to cross-examine McClernon regarding the content of the opinions contained in his affidavit at the bench trial.

### OMU's Motion to Exclude the Testimony of William Abington

In response to OMU's *Daubert* motion challenging the methodology of KU's damage expert William Abington, KU submitted a rebuttal affidavit of Abington dated July 16, 2008, addressing McClernon's and OMU's assertion that Abington's removal of outliers from his damages evaluation violated accepted statistical procedures and inflated Abington's damages calculation related to KU's counterclaim.

OMU contends that Abington's affidavit presents two new damage methodologies in support of KU's counterclaim: (1) a new lognormal damage approach with new counterclaim damages of $59,834,073 and (2) a new no-outlier damage calculation with new counterclaim damages of $40,796,950. OMU moves to exclude any testimony by Abington at trial concerning these new damage methodologies.

The Court declines to exclude Abington's testimony as it relates to OMU's *Daubert* motion. Abington's affidavit is offered to defend the reliability of his original damages methodology and to rebut the opinion McClernon offers in his new affidavit. See Allgood v. General Motors Corp., 2006 WL 2669337, *5 (S.D. Ind. September 18, 2006)("While Rule 26 demands that expert disclosures be 'complete,' there is no requirement that such disclosures cover any and every objection or criticism of which an opposing party might

3

conceivably complain. In other words, an expert need not stand mute in response to an opposing party's *Daubert* motion."). As with the affidavit of McClernon, the Court finds that Abington's response to the criticism of McClernon will be helpful to the Court in determining whether Abington's calculation of damages using EFOR data meets the standards of reliability articulated in Daubert. Furthermore, OMU will be afforded an opportunity to cross-examine Abington regarding the new information set forth in his affidavit at the bench trial.

However, in as much as KU is attempting to offer an alternative methodology for calculating its damages on its counterclaim, the Court will not consider the testimony of Abington for that purpose. See Pride v. BIC Corp., 218 F.3d 566, 579 (6th Cir. 2000) ( The district court properly denied plaintiff leave to submit new or modified expert testimony after "weaknesses in [the plaintiff's] expert testimony ha[d] been pointed out." The Sixth Circuit noted that plaintiff had "ample opportunity to locate experts for this case, and her experts had ample opportunity to develop their theories on how the accident occurred, to explain their underlying methodology, and test their theories prior to the *Daubert* hearing." Id. (citing Weisgram v. Marley Co., 528 U.S. 440, 455 (2000). Thus, to the extent that Abington's expert testimony is ultimately determined to be reliable and admissible under Daubert, the Court shall limit its consideration of his testimony to his opinions consistent with those offered in his expert reports and depositions.

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Defendant, Kentucky Utilities Company, to strike the affidavit of Mark F. McClernon [DN

358] is **denied**. **IT IS FURTHER ORDERED** that the motion by Plaintiffs, Owensboro Municipal Utilities and the City of Owensboro, to exclude the testimony of William B. Abington at trial concerning his two new and untimely damage methodologies [DN 383] is **denied in part and granted in part** consistent with this Opinion.

cc: counsel of record