**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

**CIVIL ACTION NO. 4:04CV-87-M**

**CITY OF OWENSBORO and**                                                      **PLAINTIFFS**
**CITY UTILITY COMMISSION OF THE CITY**
**OF OWENSBORO, KENTUCKY, a/k/a**
**OWENSBORO MUNICIPAL UTILITIES**

**v.**

**KENTUCKY UTILITIES COMPANY**                                      **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion in limine by Plaintiffs, Owensboro Municipal Utilities and the City of Owensboro, to preclude Kentucky Utilities and KU Expert Witness Shepard from offering into evidence, relying upon, or providing testimony related to the redacted plant documents [DN 411]. Fully briefed, this matter is ripe for decision.

OMU moves the Court for an order precluding KU or its expert witness Mr. Robert Shepard from offering into evidence, relying upon, or providing testimony related to certain plant documents that Mr. Shepard seeks to rely upon as a basis for his expert opinion, but refused to provide in an unredacted form on grounds of confidentiality. (KU Exhibit No. 550; Bates Nos. RS 0079 – RS 0108.) OMU contends that at the core of Shepard's proposed expert testimony is Shepard's claim that the Elmer Smith Generating Station Units 1 and 2 should have met certain EFOR levels if well operated and maintained. Shepard's opinion is based, in part, upon certain documents showing EFOR statistics for other power plants.

OMU represents that the documents at issue consist primarily of performance data from other power plants that Shepard acquired as a result of his confidential work for those plants. Shepard and KU have provided to OMU a redacted version of these documents removing from the documents the name of the utilities on grounds of confidentiality. When questioned at his deposition, Shepard also refused to identify to what units the documents relate. OMU argues that these redactions prevent any meaningful inquiry into whether the unidentified plants are comparable to ESGS Units 1 and 2.

OMU argues that Shepard's claimed receipt of the documents on a confidential basis in no way excuses his or KU's failure to disclose them. "Given [ Rule 26's] obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions-whether or not ultimately relied upon by the expert-are privileged or otherwise protected from disclosure when such persons are testifying or being deposed." Regional Airport Authority of Louisville v. LFG, LLC, 460 F.3d 697, 716 (6th Cir. 2006)("Rule 26 now requires disclosure of all information provided to testifying experts."). See also Texas Instruments, Inc. v. Powerchip Semiconductor Corp., 2007 WL 1541010 (S.D.N.Y. May 24, 2007). OMU contends that given Shepard's refusal to provide the information at issue, the Court should preclude KU and Shepard from offering into evidence, relying upon, or providing testimony related to the redacted plant documents, including Shepard's personal experience concerning these plants.

In response, KU argues that it has satisfied its obligations under Rule 26 by providing the redacted documents. KU maintains that making the responsible decision to redact

confidential third-party client identifiers from documents is clearly justified. KU argues that neither of the two cases cited by OMU supports Plaintiffs' claim that evidence that is redacted to protect the confidentiality of a third-party to a litigation is inadmissible. In Regional Airport Authority, the Sixth Circuit adjudicated whether materials furnished by counsel to his expert witness were attorney work product and privileged from disclosure to the adverse party. According to KU, this case is not helpful because in the present case KU did not provide this information to Shepard; rather, Shepard was the original source of the information that he needed to redact to protect the confidentiality interests of third parties.

KU notes that the only other case cited by OMU, Texas Instruments, Inc. V. PowerChip Semiconductor Corp., 2007 WL 1541010 (S.D.N.Y. May 24, 2007), is instructive because it suggests that OMU should have moved this Court to order the production of unredacted documents during discovery rather than addressing the issue pre-trial. Finally, KU maintains that the introduction of these documents does not prejudice OMU because the documents were produced two weeks prior to the second deposition and OMU was permitted to ask Shepard any and all questions about the documents that it wished. KU maintains that at his second deposition, Shepard fully answered each and every question asked of him by OMU other than the names of his prior clients, including questions concerning the size of the power plants referenced in the documents and how they were fueled. KU argues that OMU is free and able to challenge the data and Mr. Shepard's consideration of it through cross-examination at trial.

Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure clearly requires the

3

disclosure of "data or other information considered by the [expert] witness in forming the opinions." Fed. R. Civ. P. 26(a)(2)(B). The rule is "worded specifically to provide the opposing party with access to all materials reviewed or considered by the expert." U.S. v. American Elec. Power Service Corp., 2006 WL 3827509, *1 (S.D. Ohio December 28, 2006). The purpose of such disclosure is to allow opposing parties a "reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." Fed. R. Civ. P. 26(a)(2) Advisory Committees Notes. Rule 37(c)(1) provides that "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . ., unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

First, the Court finds that KU has not met its burden under Rule 26(a)(2)(B) to provide OMU with all the data or other information relied upon by KU's expert, Mr. Shepard. Further, KU has not offered sufficient evidence that this failure was substantially justified or harmless. The redaction by KU of the client-identifying information has deprived OMU of the opportunity to determine whether the unidentified plants are comparable to ESGS Units 1 and 2 and, ultimately, to test the accuracy and validity of Shepard's similar plant data. Furthermore, the exclusion of the identities of the power plants in question prevents OMU from verifying the accuracy of the information supplied by Shepard in his deposition related to the size of the units and how they are fueled.

Second, in as much as KU suggests that Rule 37 required OMU to file a motion to compel the production of the data in question, the Court rejects this argument. Rule

37(a)(3)(A) provides that "[i]f a party fails to make a disclosure required by Rule 26(a), any other party *may* move to compel disclosure and for appropriate sanctions." Id. (emphasis added). In fact, the Advisory Committee Notes reflect that Rule 37(c)(1) "provides a self-executing sanction for failure to make a disclosure required by Rule 26(a), without need for a motion under subdivision (a)(2)(A) [now (a)(3)(A)]." Id., Advisory Committee Notes, 1993 Amendments. "Thus, a party seeking to exclude expert testimony is not required to file a motion to compel adequate expert disclosures." Toomey v. Nextel Communications, Inc., 2004 WL 5512967 (N.D. Cal. September 23, 2004). See also Harrington v. City of Chicago, 433 F.3d 542, 548 (7th Cir. 2006)(finding that one party's discovery lapses are not excused when opposing counsel does not file a motion to compel); Sullivan v. Glock, Inc., 175 F.R.D. 497, 503-05 (D. Md.1997).

Finally, KU requests that to the extent the Court were to determine that the client-identifying information currently redacted from the documents is required for their use and admissibility, KU should be provided an opportunity in the first instance to produce unredacted copies of the documents, rather than having the documents excluded from evidence. The Court denies this request. KU was obligated under Rule 26(a)(2)(B) to provide all the data and information relied upon by its expert, Mr. Shepard. KU failed to disclose the information or to request a protective order preventing the disclosure of the information. The request to turn over the unredacted documents on the eve of trial is untimely.

For these reasons, **IT IS HEREBY ORDERED** that the motion in limine by OMU

to preclude KU from offering into evidence, relying upon, or providing testimony relating to the redacted plant documents is **granted**.

cc: counsel of record