UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:04CV-87-M

CITY OF OWENSBORO and                                                                    PLAINTIFFS
CITY UTILITY COMMISSION OF THE CITY
OF OWENSBORO, KENTUCKY, a/k/a
OWENSBORO MUNICIPAL UTILITIES

v.

KENTUCKY UTILITIES COMPANY                                                         DEFENDANT

**MEMORANDUM OPINION AND ORDER**

In accordance with the Court's October 3, 2008 Order, Plaintiffs, Owensboro Municipal Utilities and the City of Owensboro, filed their surreply addressing whether Plaintiffs' request for an accounting on the issues related to the commercial pricing nodes and the Make Whole Payments is appropriate [DN 447]. Kentucky Utilities Company has filed a motion for leave to file a response to OMU's surreply [DN 449]. Fully briefed, these matters are ripe for decision.

**Equitable Accounting**

"The necessary prerequisite to the right to maintain a suit for an equitable accounting, like all other equitable remedies, is ... the absence of an adequate remedy at law." Dairy Queen, Inc. v. Wood, 369 U.S. 469, 478 (1962). See also First Commodity Traders, Inc. v. Heinold Commodities, Inc., 766 F.2d 1007 (7th Cir. 1985); Bradshaw v. Thompson, 454 F.2d 75, 79 (6th Cir.1972); Ward v. Life Investors Ins. Co. of America, 383 F. Supp. 2d 882, 886 (S.D. Miss. 2005); Commercial Union Assur. Co. v. Howard, 76 S.W.2d 246, 248 (Ky.

1934). "[I]n order to maintain such a suit on a cause of action cognizable at law, . . . the plaintiff must be able to show that the 'accounts between the parties' are of such a 'complicated nature' that only a court of equity can satisfactorily unravel them." Dairy Queen, 369 U.S. at 478.[1] The reason parties traditionally sought an accounting when accounts were of a complex nature was to invoke the jurisdiction of equity courts and therefore take the matter away from the jury. See, e.g., Dan B. Dobbs, Dobbs Law of Remedies § 4.5(5), at 609-610 (2d ed. 1993). In these types of cases "the real remedy is a non-jury trial." Joel Eichengrun, Remedying the Remedy of Accounting, 60 Ind. L.J. 463, 470 (1985); see also 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2310 (2008) (indicating that early courts, upon a determination that accounts were complicated, "[found] that there was no right to a jury trial on a claim for an accounting . . . .").

In Dairy Queen, a franchisor sued a franchisee at law for breach of contract and requested an equitable accounting alleging that the accounts at issue were complex. Dairy Queen, 369 U.S. at 473-474. The franchisee's demand for a jury trial was denied by the trial court on grounds that the claim for an accounting was purely equitable. Id. at 470. The

---

[1] See also Commercial Union Assur. Co., 76 S.W.2d at 248 (quoting Pomeroy's Equity Jurisprudence (section 1421))("'The instances in which the legal remedies are held to be inadequate, and therefore a suit in equity for an accounting proper, are (1) where there are mutual accounts between the plaintiff and the defendant,-that is, when each of the two parties has received and paid an account of the other; (2) when the accounts are all on one side, but there are circumstances of great complication or difficulties in the way of adequate relief at law; (3) when a fiduciary relation exists between the parties, and a duty rests on the defendant to render an account.'").

Court of Appeals denied a request for mandamus relief. Id. The Supreme Court, however, reversed. The Court held that there was an adequate remedy at law "[i]n view of the powers given to District Courts by Federal Rule of Civil Procedure 53(b) to appoint masters to assist the jury in those exceptional cases where the legal issues are too complicated for the jury adequately to handle alone . . . ." Id. at 478. The Court further held that "the burden of [showing an inadequate remedy at law] is considerably increased and it will indeed be a rare case in which it can be met." Id. Furthermore, "[t]he legal remedy cannot be characterized as inadequate merely because the measure of damages may necessitate a look into petitioner's business records." Id. at 479. Based on this holding, courts and commentators have indicated that, "[a]t least in the federal courts, one may now conclude that the remedy of an 'accounting' no longer exists in cases of complex accounts." Eichengrun, supra, at 473; see also In re Nat'l Audit Def. Network, 332 B.R. 896, 921 (Bankr. D. Nev. 2005).

The Plaintiffs, therefore, have the burden of proving the inadequacy of the legal remedies afforded to them by discovery. Wilson v. Cont'l Dev. Co., 112 F. Supp. 2d 648, 663 (W.D. Mich. 1999). When a party seeks an accounting on the ground that "he is unable to determine an amount due where the opponent has the relevant books and records . . ., [t]he courts have usually been quick to point out that discovery is available and deny an accounting for that purpose only." Eichengrun, supra, at 476. For example, in Centrix HR, LLC v. On-Site Staff Mgmt., Inc., 2008 WL 2265266 (E.D. Pa. June 3, 2008), the court held that "[w]here a party had the opportunity to establish their damage claim through discovery, a request for an accounting is not appropriate." Centrix HR, 2008 WL 2265266, at *12. See

also <u>Wilson</u>, 112 F. Supp. 2d at 663; <u>Weiner v. Weiner</u>, 2008 WL 746960, *8 (W.D. Mich. March 18, 2008). Thus, "'[a]n accounting request is not a substitute for plaintiffs' obligation to establish their damages through discovery.'" <u>Centrix</u>, 2008 WL 2265266, *12 (quoting <u>Arrowroot Natural Pharmacy v. Standard Homeopathic Co.</u>, 1998 WL 57512, *12 (E.D. Pa. Feb.10, 1998)). <u>See also</u> <u>Oil Express Nat'l, Inc. v. Latos</u>, 966 F. Supp. 650, 652 (N.D. Ill.1997) ("[t]he need to examine [a party's] business records is not a sufficient justification for an equitable accounting"); <u>Profile Products, LLC v. Soil Management Technologies, Inc.</u>, 155 F. Supp. 2d 880, 887 (N.D. Ill. 2001)(an equitable accounting is not a substitute for a motion to compel under Fed. R. Civ. P. 37).

OMU asserts that this is a classic case where the legal remedy is inadequate because of the complexity of the accounts. OMU maintains that in order to calculate the amount of damages incurred as a result of the alleged overcharges related to these MISO issues, an examination of the actual data and calculations on which KU's invoices for back-up energy were based is necessary. OMU argues that it is not a simple or straightforward matter for Plaintiffs to try to duplicate KU's billing using the After the Fact Billing data provided and, therefore, an equitable accounting is warranted.

KU maintains that OMU has an adequate remedy at law and cannot resort to the equitable remedy of an accounting. KU asserts that all of the information relevant to OMU's claims could have been obtained during discovery. KU argues that there is no merit to OMU's claim that KU records are too complex or confusing to allow OMU to compute its damages. KU argues that OMU's expert, Mr. Lynn Coles, believed he was able to identify

the amounts of alleged overbilling for the small handful of hours he selected and examined. KU contends that there is no reason why Mr. Coles could not have made a damages calculation by performing a similar examination of all the affected billing hours and "netting out" the resulting sums.

Assuming the accounts are complex, as alleged by the Plaintiffs, their request for an accounting still fails. The main purpose for requesting an equitable accounting on grounds that the accounts are of a complex nature is to obtain a non-jury trial. As this matter is not going to be tried before a jury, there is no need for OMU to seek an equitable accounting on such grounds. To do so, would in essence, shift the burden to KU on the issue of damages. To the extent OMU alleges that it cannot determine its damages, it has failed to establish that discovery did not provide an adequate remedy at law. If KU did not turn over information requested by OMU in discovery, its appropriate remedy would have been to file a motion to compel rather than to seek an accounting. As OMU has an adequate remedy at law, its request for an accounting is denied.

**Nominal Damages**

The conclusion by the Court that OMU is not entitled to an equitable accounting on the CPNode claim or the Make Whole Payment claim does not mandate summary judgment in favor of KU on these claims. When the cause of action is based on a breach of contract, nominal damages may be appropriate. See Kentucky Handbook Series, Kentucky Law of Damages, § 3.2 (2008); 24 Williston on Contracts, § 64:6 (4th ed. 2008). "[N]ominal damages are always recoverable for a breach of contract, even though no actual damages be

shown." <u>Harness v. Kentucky Fluor Spar Co.</u>, 147 S.W. 934, 940 (Ky. 1912). <u>See also</u> <u>Bond v. Patrick</u>, 241 S.W. 342, 343 (Ky. 1922)("[N]ominal damages are always presumed and recoverable for a breach of contract."); Restatement (Second) of Contracts § 346 ("If the breach caused no loss or if the amount of the loss is not proved . . ., a small sum fixed without regard to the amount of loss will be awarded as nominal damages."). Therefore, summary judgment on the CPNode issue and the Make Whole Payment issue is denied.

### Conclusion

For these reasons, **IT IS HEREBY ORDERED** that the motion by KU for summary judgment with respect to the CPNode issue and the Make Whole Payment issue [DN 318] is **denied**. **IT IS FURTHER ORDERED** that the motion by KU to file a surreply [DN 449] is **granted**.

cc: counsel of record